[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gregory Burch, age 39, and the defendant, Kathleen A. Burch, age 35, whose maiden name was Kathleen A. Blessing, were married in New Milford, Connecticut on May 2, 1978. There are two minor children issue of the marriage, Katelyn Marie Burch, born January 9, 1987 and Chelsea Amber Burch, born April 17, 1991. On April 15, 1996, the Court (R. Walsh, J.) entered a decree of dissolution of the marriage and accepted a separation agreement, but bifurcated the financial issues.
The custodial plan attached as Appendix A provides for joint custody of the two children with the children residing with the mother Monday to Friday and with the father on weekends.
The plaintiff is a self employed carpenter earning $257.00 a week. He also receives rental income of $198.00 a week. The defendant is employed as a circulation assistant at Housatonic Valley Publishing Company earning $300.00 a week. The parties are the owners of two residential properties, 109 Paper Mill Road, New Milford valued at $109,000 and 115 Paper Mill Road valued at $130,000, with a mortgage of $63,000.00. The property at 109 Paper Mill Road will be listed for sale. There are taxes of $3,659.00 due on 109 Paper Mill Road and $5,292.00 on 115 Paper Mill Road.
During the marriage, the defendant was in charge of the family finances. It is apparent that she was extravagant in the use of credit cards and deceived her husband regarding the distribution of funds. The financial irresponsibility on the part of the defendant was a major cause of the marital breakdown. The court does not find credible the defendant's testimony regarding CT Page 5496-V physical and sexual abuse or abuse of the children.
Mrs. Burch is living at 115 Paper Mill Road with Bryan Thatcher, age 21, and is pregnant by him. She is expecting a child in February 1997. Mrs. Burch and Mr. Thatcher have not maintained the property during their occupancy and have been responsible for destroying property of the plaintiff.
The plaintiff has debts on his affidavit some of which are joint as follows:
 Sears $ 2,680.00 Sears 4,226.00 Key Bank 5,400.00 SNET 188.00 Mobile 1,230.00 SNET (advertising acct) 5,462.00 Taxes — 109 Paper Mill 1994 and 1995 3,659.00 Taxes — 115 Paper Mill 1994 and 1995 5,292.00 New Milford car taxes 400.00 --------- Total $28,537.00
The defendant has debts on her affidavit as follows:
 Corning Metpath (Equifax) $ 183.00 Corning Metpath (Equifax) 19.00 Lerner 85.90 Lane Bryant 114.56 Macy's 905.77 Fashion Bug 668.82 Lord Taylor 103.70 Filene's 80.37 Mobil 1,229.76 SNET-Linx 181.65 Animal Associates 204.48 Dr. Trias 45.00 First Card 1,500.25 SNET 1,172.10 R F Auto 58.75 Charleen Terrell/Patricia Palmer 1,200.00 Patricia Palmer 197.50 Frank Bacon (water emergency) 194.00 ---------- Total $12,375.00 CT Page 5496-W
There is a pending lawsuit against the plaintiff for the Sears bills in the amount of $4,293.04 and a suit against the defendant by G.E. Capital Consumer Card Co. for $851.77. In addition to the debts shown on his affidavit, the plaintiff has paid off Discover Card $675.00; First Card $827.00; National Credit $500.00; and Citibank Visa $770.00.
Based on the evidence and the provisions of General Statute46b-81, the court finds that the following financial orders should enter:
1. The property located at 109 Paper Mill Road shall immediately be listed for sale with Kathryn Harrison for $109,900.00. From the proceeds of the sale, there shall be paid the broker's commission, fees and closing costs, taxes on said property and the bill of Attorney Bridget Jenkins. The remaining equity shall be split two-thirds to the defendant and one-third to the plaintiff. In addition, the plaintiff shall receive the sum of $2,000.00 to defray the cost of clean up at 115 Paper Mill Road upon his assuming occupancy unless said clean up is performed earlier by agreement of the parties.
2. The defendant shall quit-claim her undivided one-half interest in 115 Paper Mill Road to the plaintiff subject to the right of the defendant to occupy said property pending the sale of 109 Paper Mill Road. When the 109 Paper Mill Road property is sold, the defendant will vacate the premises at 115 Paper Mill Road within seven days and the plaintiff will be entitled to exclusive ownership, possession and control of the premises from that time forward. The defendant shall commit no additional waste, damage or destruction of the property at 115 Paper Mill Road. If upon assuming possession, the plaintiff finds that the defendant shall have committed additional waste, damage or destruction to the property, the defendant shall be responsible for the cost of repairing same. The plaintiff shall have access to the house within four days of the judgment to take pictures of the house in order to establish its physical condition. The plaintiff shall have the right to inspect all records, documents, physical and written prior to their destruction. The defendant, her servants, agents and employees including but not limited to Brian Thatcher are enjoined from destroying any such property except upon prior notice to the plaintiff.
During her occupancy the defendant shall be fully responsible CT Page 5496-X and hold the plaintiff harmless from the mortgage, taxes, insurance, maintenance and repairs and all other costs and benefits associated with 115 Paper Mill Road.
The plaintiff, upon his assuming occupancy of 115 Paper Mill Road, shall be fully responsible and hold the defendant harmless from the mortgage, taxes, insurance, maintenance and repairs and all other costs and benefits associated with 115 Paper Mill Road
3. The plaintiff shall pay as child support the sum of one hundred thirty ($130.00) dollars per week until the property at 109 Paper Mill Road sells and thereafter forty eight ($48.00) dollars per week in accordance with the child support guidelines. Support shall terminate upon the youngest living child reaching the age of 18 years and graduating from high school, marriage, death, emancipation, entering the military service or permanently residing with someone other than the defendant, whichever occurs first.
4. The defendant will provide medical coverage as available to her through her employment, and will keep the minor children covered under such policy. Any unreimbursed medical, dental, and orthodontia expenses will be split equally between the parties.
5. Each party shall pay the other One ($1.00) dollar per year alimony, modifiable only for the purposes of debt indemnification as provided in this agreement.
6. The plaintiff shall be entitled to claim the children as dependents of Federal, state and local taxes and the defendant will sign an IRS Form 8332 each year, to be negotiated again if and when either party's share of the child support responsibility should change.
7. The plaintiff and defendant will keep as their sole possessions any bank accounts listed in their individual names.
8. The defendant shall retain ownership of the 1987 Dodge Aries Station wagon and shall hold the plaintiff harmless from any and all obligations associated therewith. The plaintiff shall retain ownership of the 1987 Chevy pickup truck and the 1955 Chevy and the associated "parts" cars and shall hold the defendant harmless from any and all obligations associated therewith. CT Page 5496-Y
9. The plaintiff may take possession of the following items at 115 Paper Mill Road:
 Black bowling ball and bag; air cleaner; chest freezer; buck knife; butcher block cabinet; ceramic ducks; '55 chevy in garage and parts cars; car clock in kitchen; all canning pots and jars; all lumber in garage; weight bench/brand new still in box; weights and curl bar; pheasant cookie jar; glasses with wild game on them; panel doors; french door five feet prehung; luan door prehung; hutch; incubators; pump jack tools; croquet set; two metal shelves in basement; all paint and stain; clot machine; scanner; wood stoves; video camera; filing cabinets; roll top desk, chair and desk light; Hess truck collection; all building material in house; tent; tin cans in kitchen; Top Gun disc.
10. The plaintiff shall retain his business known as Burch's Construction, free and clear of any claims of the defendant.
Judgment may enter accordingly.
PICKETT, J.